**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

PHILIP PERRY, LARRY AKERS
and ESTA AKERS, Individually and on
Behalf of a  Class of Similarly Situated
Plaintiffs Not Yet Named,

                Plaintiffs,

v.                                        CIVIL  ACTION  NO.  3:08-0104

TRI-STATE CHRYSLER JEEP, LLC,
A West Virginia Corporation, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

       Pending before the Court are two motions.  Chrysler Motors LLC has filed a Motion to

Dismiss.  (Doc. 5).  The other defendants in this action have filed a motion to join in part Chrysler

Motors's Motion to Dismiss.  (*See* Doc. 14).  For the reasons explained below, the motion to join

is **GRANTED**.  Chrysler Motors's motion to dismiss is **GRANTED in part and DENIED in part**.

While Plaintiffs have made sufficient allegations to support Counts II and IV against Chrysler

Motors, Count V shall be dismissed as alleged against that defendant.  All counts pertaining to other

defendants shall stand.  Finally, all language referring to a class action shall be stricken from

Plaintiffs' complaint.

       The Court also received a Report of Parties' Planning Meeting. (Doc. 21).  From the report

it is evident that the parties contemplated a class action while developing a schedule.  The strike of

language pertaining to a class action nullifies this schedule.  The parties are, therefore, **ORDERED**

to meet again and submit a revised 26(f) report within 14 days from the entry of this Order.  The Scheduling Conference is hereby **RESCHEDULED** for **Monday, May 12, 2008 at 1:00 p.m.**

## Background

Plaintiffs, Phillip Perry and Larry and Esta Akers, each allege that they were the victims of deceptive and fraudulent business practices conducted by Chrysler Motors, Tri-State Chrysler Jeep, and their employees.  Mr. Perry bought a used vehicle from Tri-State Chrysler in May of 2007 and alleges three instances of fraudulent conduct related to that purchase.  The first involves a down payment of $2,000 for which he was not given credit in his installment contract.  Mr. Perry made this down payment in cash and the money was literally pocketed by Mr. Huddnall, the dealership manager.  Mr. Perry did not learn of the other two instances of fraud until he examined his installment contract in detail.  The contract revealed that Mr. Boyer, Tri-State Chrysler's "Finance Manager," had charged Mr. Perry over $1,500 for an extended warranty plan which he had previously described as cost free.  Mr. Boyer had also promised Mr. Perry the best available finance rate, then 7.99%, but financed the vehicle at 10.99%.

Larry and Esta Akers ("the Akers") allege similar trouble at Tri-State Chrysler.  First, Mr. Boyer inflated the purchase price on their installment contract.  (The agreed price was $13,995 but the installment agreement reflected a price of $16,144).  Mrs. Akers complained about this and Mr. Boyer promised to re-write the contract.  Before doing so, however, he faxed Mrs. Akers a document purportedly showing that she had agreed to an extended warranty.  Someone had forged Mrs. Akers signature on that document.  At the subsequent meeting, Mr. Boyer refused to re-write the contract until Mrs. Akers agreed to the extended warranty.  The Akers also allege the Mr. Boyer made misrepresentations related to financing.  Although he promised the Akers the best rate available, the

contract reflected a rate of 10.20% – two points higher than the rate to which the bank had agreed. The Akers finally allege that Mr. Boyer financed the vehicle over 75 months despite an agreed upon 48 months plan.

In addition to specific information regarding the experiences of Mr. Perry and the Akers, the plaintiffs allege a pattern and practice of fraudulent business practice at Tri-State Chrysler sufficient to support a class action. Plaintiffs, however, do not identify any other potential class members or provide other information which would support class certification. Plaintiffs propose the use of discovery procedures to identify information related to the class action.

The plaintiffs' complaint contains six causes of action: 1) fraud; 2) fraudulent concealment; 3) negligent hiring retention and supervision; 4) agency and negligent supervision/control; 5) violation of the West Virginia Consumer Credit and Protection Act; and 6 )Violation of the Truth In Lending Act. Defendant Chrysler Motors is named in counts for fraudulent concealment, agency and negligent supervision, and violation of the West Virginia Consumer Credit Act. Each of the other defendants are named in every count.

Defendants point to the recent United States Supreme Court opinion of *Bell Atl. Corp. v. Twombly*. 127 S.Ct. 1955 (2007) ("*Twombly*"), to support their motion to dismiss. In setting forth the applicable legal standard for a motion to dismiss, the Court explains the impact of that decision on the Rule 12(b)(6) standard. The remainder of this opinion addresses each of the defendants' arguments for dismissal.

### The Legal Standard for a Motion to Dismiss

In a recent decision, the United States Supreme Court articulated a plausibility standard to be used by district courts reviewing motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Twombly,* 127

S.Ct. 1955 (2007).  In the words of the Second Circuit Court of Appeals, this decision has created

"[c]onsiderable uncertainty concerning the standard for assessing the adequacy of pleadings." *Iqbal*

*v. Hasty*, 490 F.3d 143, 155 (2d Cir. 2007); *see also, Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188

n. 7 (4th Cir. 2007) ("In the wake of *Twombly,* courts and commentators have been grappling with

the decision's meaning and reach.").  The Fourth Circuit Court of Appeals has not had the

opportunity to fully explore the boundaries of the pleading standards since *Twombly,*[1] but a careful

reading of *Twombly* and subsequent Supreme Court opinions indicates the standard articulated is

not the drastic departure from the pleading standards, which some have feared and Defendants

advocate.

The *Twombly* Court expressly disavowed the oft-cited no set of facts language from *Conley*

*v. Gibson*,  355 U.S. 41 (1957) and replaced it with a standard which requires the plaintiff to state

enough facts to make a claim for relief "plausible on its face."  127 S.Ct. at 1974.  The *Twombly*

plausibility standard, however, remains a low bar for plaintiffs.  In articulating this plausibility

standard  the Court was careful to explain that it was not establishing a heightened pleading

standard.  *Id.*  It was simply making clear that the "no set of facts" language from *Conley* was never

meant to be taken literally.  *Id.* at 1969 (*Conley* "described the breadth of opportunity to prove what

an adequate complaint claims, not the minimum standard of adequate pleading to govern a

complaint's survival.").  The *Twombly* Court explained that a well-pled complaint may proceed even

---

[1]At present, the Fourth Circuit has published two opinions that examine *Twombly* with some
care.  In the first, *Anderson,* the Court concluded that it could decide the appeal at issue without
precisely resolving the impact of *Twombly* on the pleading standard.  508 F.3d at n. 7.  In the second,
*Giarratano v. Johnson*, the Rule 12(b)(6) standard was intertwined with the rational basis standard
of review used to assess the constitutionality of the statue at issue. --- F.3d ----, 2008 WL 771503
(4th Cir. March 25, 2008) ("[The plaintiff's] *conclusory* assertion is insufficient to overcome the
presumption of rationality that applies to the [statutory provision].").

if it appears to the trial judge that proof of the alleged facts "is improbable, and that a recovery is very remote and unlikely." *Id.* at 1965 (internal citations omitted).  Two weeks after *Twombly,* the Court emphasized that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964) (other citations and internal quotations omitted).

The holding of *Twombly,* then, is that courts should not focus on factual impossibility while evaluating pleadings on a motion to dismiss; rather, they should decide whether the claims as stated are plausible.  Specific factual allegations are required only when a claim would otherwise fall beneath the threshold of plausibility.  Well-pled allegations in the complaint are accepted as true and facts and reasonable inferences are construed in the light most favorable to the plaintiff.  *Ibarra v. U.S.*, 120 F.3d 472,  474 (4th Cir. 1997).  It remains true that "a rule 12(b)(6) motion should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.* 883 F.2d 324, 325 (4th Cir. 1989).

## Analysis

Defendants raise three arguments in their motion to dismiss.  First, Chrysler Motors argues that the plaintiffs have not pled sufficient facts for any count in which they are named.  Second, all defendants argue that Plaintiffs' failure to comply with the pre-suit notice provisions of West Virginia Code § 46A-6-106 mandates dismissal.  Finally, all defendants argue that because allegations to support a class action under Federal Rule of Civil Procedure 23 have not been made, all references to a class action should be struck.  This Order addresses each argument in turn.

I.      **Plaintiffs Allege a Plausible Agency Relationship Between Chrysler Motors and Tri-State Chrysler**

According to Chrysler Motors, because plaintiffs allege no facts to specifically illustrate some degree of control by Chrysler Motors over Tri-State Chrysler or the other defendants, all claims based on agency must fail.  In support of this argument, Chrysler Motors cites a number of cases that demonstrate control is an element of an agency relationship under West Virginia law.  *See e.g. Sanders v. Georgia Pacific Corp.,* 225 S.E.2d 218, 222 (W.Va. 1976).  While the Court agrees that control is a necessary element of agency, a factual allegation demonstrating such control is not necessary for the plaintiffs' agency claim to survive the motion to dismiss.

A claim of principal agent relationship between Chrysler Motors and Tri-State Chrysler is simply not the kind of claim, implausible on its own, which requires the support of factual pleading.  Tri-State Chrysler is authorized to use the name of Chrysler Motors in its own business.  Tri-State Chrysler sells a product manufactured by Chrysler Motors. One can infer a contractual relationship between Chrysler Motors and Tri-State Chrysler and it is not implausible that the applicable contract describes a principal-agent relationship.

Although *Twombly* does not require a universal heightened pleading standard, certain claims do require specific facts to be set forth in the pleadings.  Prominent among these are claims for fraud.  Federal Rule of Civil Procedure 9(b) provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud and mistake."  The Fourth Circuit Court of Appeals has  clarified that Rule 9(b) requires specific allegation of "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Harrison v. Westinghouse Savannah River Co.* 176 F.3d 776, 784

-6-

(quoting 5 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*: *Civil* § 1297 (2d ed. 1990)).

Here, the plaintiffs' complaint contains all of this requisite information and describes, in detail, each instance of fraud.  Mr. Perry, for example, was defrauded by Mr. Hudnall in May of 2007 at Tri-State Chrysler when he was told that his $2,000 would be credited as a down payment on his vehicle.  The Court acknowledges that there are no allegations of fraud directly perpetrated by Chrysler Motors.  However, the defendant has not convinced the Court that West Virginia law does not recognize a principal's liability for fraud perpetrated by an agent in the course of his duties.

## II.     Plaintiff's Complaint Fails to Allege a Violation of the West Virginia Consumer Credit and Protection Act Against Chrysler Motors But There Are Sufficient Allegations Under the Act Against the Other Defendants

The West Virginia Consumer Credit and Protection Act provides a cause of action for consumers who are victims of unfair, deceptive and fraudulent business practices.  W.Va. Code § 46A-6-101; W. Va. Code § 46A-6-106.  The section creating this cause of action provides,

> Any person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provisions of this article may bring an action in the circuit court of the county in which the seller or lessor resides or has his principal place of business or is doing business . . .

W.Va. Code § 46A-6-106(a).  Before initiating suit, however, the consumer must provide notice to the seller or lessor of the alleged violation and give the seller or lessor twenty days in which to make an offer of cure.  W.Va. Code § 46A-6-106(b).  Chrysler Motors argues that this claim against them should be dismissed because the requisite notice was not provided.  Plaintiffs do not contend that

notice was provided but rather argue that they were under no duty to provide notice to Chrysler Motors because that defendant is not a seller or lessor of goods.

Plaintiffs' response undermines their own legal theory.  The plain language of W. Va. Code § 46A-6-106(a) only creates a cause of action against a seller or lessor of goods.  If Chrysler Motors is not a seller or lessor of goods under the statute then there is no cause of action against them.   If Chrysler Motors is a seller or lessor of goods notice must be provided under the plain terms of the statute.  Contrary to Plaintiffs' assertions, it is not ridiculous to require such notice be given to Chrysler Motors.  Although Plaintiffs have properly alleged an agency relationship, that relationship is not sufficiently clear to presume Tri-State Chrysler is an agent for the purpose of receiving such notice.  Additionally, providing notice serves an important statutory purpose – allowing an accused party to avoid litigation by making an offer of cure.

Although Plaintiffs did not specifically allege that notice was provided to other defendants in compliance with W.Va. Code § 46A-6-106(b), they do state as much in their briefs.  No defendant aside from Chrysler Motors contends that they did not receive proper notice.  From this the Court infers, in favor of the plaintiff, that notice was provided to all other defendants in compliance with W.Va. Code § 46A-6-106(b).

**III.    Plaintiffs Have Not Alleged That the Requirements of a Class Action are Met; Information Pertaining to a Class Action Shall Be Stricken From The Complaint**

The Federal Rules of Civil Procedure require specific conditions to be met if a lawsuit is to proceed as a class action. (*See* Rule 23).  Rule 23(a) contains four prerequisites, commonly referred to as the requirements of numerosity, commonality, typicality, and adequacy of representation.  *Gunnells v. Healthplan Servs., Inc.* 348 F.3d 417, 459 (4th Cir. 2003) (citing Fed. R. Civ. P. 23(a)).  In addition, a class must be of one of three "Types of Class Actions" defined within Rule 23(b)(3).

-8-

Courts and commentators have noted that the allegation of a class action carries serious consequences.  7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1798 (2008) (citing *Philadelphia Elec. Co. v. Anaconda Am. Brass Co.,* 42 F.R.D. 324, 328 (D.C. Pa. 1967)).  As such, "the pleader must set forth sufficient allegations to show that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b)." *Id.*  The Fourth Circuit Court of Appeals has noted that although the Court is permitted to look outside the complaint for purposes of class certification, the pleadings themselves are important for determining the scope of the proposed class and whether certification is appropriate.  *See Smith v. Pennington,* 352 F.3d 884, 893 (4th Cir. 2003) ("[W]e usually look to the complaint to determine the scope of the plaintiff's asserted class for tolling purposes."); *see also, Poindexter v. Teubert,* 462 F.2d 1096, 1097 (4th Cir. 1972) (examining plaintiffs' complaint to determine if class requirements were met).  Based upon these authorities, the Court concludes that to survive a motion to dismiss, a class-action compliant must make a showing that Rule 23 requirements are met.

Plaintiffs here have not included any allegations in their complaint which would support the class certification requirements of Rule 23. Without any such allegations the defendants have no information or notice regarding the potential scope of the class or extent of class claims. Accordingly, any references to a class of plaintiffs, within the plaintiffs' complaint, shall be stricken.

<h3 style="text-align:center">Conclusion</h3>

For the reasons stated above, the defendant's motion to join in Chrysler Motors's motion to dismiss (Doc. 14) is **GRANTED.**  Defendant Chrysler Motors's motion to dismiss (Doc. 5) is **GRANTED in part** and **DENIED in part**.  While Plaintiffs have made sufficient allegations to

-9-

support Counts II and IV against Chrysler Motors, Count V shall be dismissed as alleged against that defendant.  All counts pertaining to other defendants shall stand.  Finally, all language referring to a class action shall be stricken from Plaintiffs' complaint.  The parties are **ORDERED** to submit a revised 26(f) report within 14 days from the entry of this Order.  The scheduling conference is hereby **RESCHEDULED** for **Monday, May 12, 2008 at 1:00 p.m.**

The Court **DIRECTS** the Clerk to send a copy of this  written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        April 16, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE